UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| WILLIAM DYCK, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:23-CV-122 |
| | § | |
| MICHELIN NORTH AMERICA, INC., | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |

## DEFENDANT MICHELIN NORTH AMERICA, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Michelin North America, Inc. ("MNA") files this Notice of Removal, and hereby removes the above-titled lawsuit from the 106th Judicial District Court of Gaines County, Texas, to the United States District Court for the Northern District of Texas, Lubbock Division. In support of this removal, MNA respectfully offers this Court the following facts, arguments, and legal authorities:

### COMPLIANCE WITH 28 U.S.C. § 1446(a)

1. Pursuant to 28 U.S.C. § 1446(a), MNA includes the following index of matters being filed with this Notice of Removal:

**Exhibit 1:** The state court docket sheet

**Exhibit 2:** Plaintiff's Original Petition ("Petition") (filed March 31, 2023)

**Exhibit 3:** Return of Service: MNA (served May 15, 2023)

**Exhibit 4:** MNA's Answer to Plaintiff's Petition (filed June 5, 2023)

## THE PARTIES

2. Plaintiff is a Texas citizen, and no defendant is a Texas citizen. Complete diversity of citizenship has existed since the time Plaintiff filed the underlying state court action on March 31, 2023 until now.

### A. Plaintiff

3. Plaintiff is a Texas citizen residing in Gaines County, Texas. *See* Ex. 2, Petition ¶ 4. Plaintiff's residence allegation is *prima facie* evidence of Texas citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima face proof of his domicile.").

### B. Defendant

4. Defendant Michelin North America, Inc., is a New York corporation with its principal place of business in South Carolina. *See* 28 U.S.C. § 1332(c)(1).

## STATE COURT ACTION

5. MNA removes the state court action styled *William Dyke v. Michelin North America, Inc.*, Cause No. 23-03-19085, in the 106th Judicial District Court of Gaines County, Texas. In this lawsuit, Plaintiff alleges damages arising out of a multi-vehicle auto accident. Ex. 2, Petition ¶ 6. Plaintiff alleges several causes of action against MNA including strict product liability design defect and marketing defect, negligence and breach of the implied warranties of merchantability and fitness for particular purpose. *Id.* ¶¶ 7-18. Plaintiff seeks "monetary relief over $250,000.00 but not more than $1,000,000.00." *Id.* ¶ 3. MNA denies Plaintiff's allegations. *See* Ex. 4, Answer.

## REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

6. MNA removes this action pursuant to 28 U.S.C. § 1441(a). This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.   Amount in Controversy**

7. "Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00." Ex. 2, Petition ¶ 3.

**B.   Diversity of Citizenship**

8. Plaintiff is a Texas citizen. MNA is not a Texas citizen—it is a New York corporation with its principal place of business in South Carolina. Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is proper under 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS OF REMOVAL

**A.   Timeliness**

9. This Notice of Removal has been timely filed because thirty days have not elapsed since MNA was served with the lawsuit on May 15, 2023. Ex. 3. *Cf.* 28 U.S.C. § 1446(b)(1).

**B.   Venue**

10. Plaintiff brought this action in the 106th Judicial District Court of Gaines County, Texas—located within the Northern District of Texas, Lubbock Division. 28 U.S.C. § 124(a)(7). Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### C. Compliance with Notice Requirements

11. Pursuant to 28 U.S.C. § 1446(d), MNA will promptly give written notice of the filing of this Notice to Plaintiff, and will promptly file a copy of the Notice of Removal with the clerk for the 106th Judicial District Court of Gaines County, Texas.

### D. Filing Fee

12. A filing fee of $402 has been tendered to the Clerk of the United States District Court for the Northern District of Texas, Lubbock Division.

### E. Other Filings

13. Pursuant to Federal Rule of Civil Procedure 7.1, MNA has prepared and will file separately a corporate disclosure statement.

### F. Jury Demand

14. MNA previously demanded a jury trial in state court, Ex. 4, Answer ¶ E. *Cf.* Fed. R. Civ. P. 81(c)(3)(A), (B)(i).

### G. Request for Leave to Amend

15. In the event this Court subsequently identifies a defect in this Notice of Removal, MNA respectfully requests the Court grant leave to amend this Notice and cure the defect. *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

## CONCLUSION

Based on the foregoing, MNA removes this case to this Court.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

> Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,
>
> GERMER BEAMAN & BROWN, PLLC
> One Barton Skyway
> 1501 S. Mopac Expy, Suite A400
> Austin, Texas 78746
> (512) 472-0288 Telephone
> (512) 472-0721 Facsimile
>
> By: /s/ Thomas M. Bullion III
>     Thomas M. Bullion III
>     State Bar No. 03331005
>     tbullion@germer.com
>     Chris A. Blackerby
>     State Bar No. 00787091
>     cblackerby@germer-austin.com
>
> ATTORNEYS FOR DEFENDANT
> MICHELIN NORTH AMERICA, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Jonathan Dowling
DASPIT LAW FIRM, PLLC
440 Louisiana Street, Suite 1400
Houston, Texas 77002

> /s/ Thomas M. Bullion III
> Thomas M. Bullion III/ Chris A. Blackerby

5

4838412